# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT MONTOYA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 17-cv-06534-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 14 |

This order resolves defendants' motion to dismiss plaintiffs' first amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 14. The motion is suitable for decision on the papers without oral argument. Civil Local Rule 7-1(b). It is granted in part and denied in part.

## DISCUSSION

The parties' familiarity with the facts and record are assumed. The Court orders as follows:

1. <u>Plaintiffs' Second and Third Causes of Action (for violations of 42 U.S.C. § 1983 based on the Fifth Amendment to the United States Constitution, and the Constitution of the State of California, respectively)</u>: Plaintiffs do not oppose defendants' dismissal arguments for these claims. Dkt. No. 18 at 15-16. The claims are consequently dismissed and should be removed from any amended complaint.

This leaves only plaintiffs' first claim, for a violation of 42 U.S.C. § 1983 and § 1988, on the basis that defendants "deprived plaintiffs of the[ir] constitutional rights" under the Fourteenth Amendment to the United States Constitution "in that the defendants . . . jointly and severally deprived plaintiffs of their property without due process of law and failed to provide equal protection of the law." Dkt. No. 5 ¶ 57.

2. <u>Preclusive effect of the California Court of Appeal's 4/30/19 decision in *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Board*, Case No. A155130</u>: Defendants argue that "[p]laintiffs actually litigated, and another court necessarily decided that SFPD did not selectively enforce against BMGV. Thus, issue preclusion requires the dismissal of Plaintiffs' complaint." Dkt. No. 45 at 2. What this argument glosses over, however, is the fact that the issue defendants seek to preclude from relitigation here is not "identical to that decided in [the] former proceeding." *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (quoting *Lucido v. Superior Court*, 51 Cal. 3d 335 (1990)). The issue before, and decided by, the California Court of Appeal was whether the *Department of Alcoholic Beverage Control* engaged in selective prosecution against plaintiff BMGV. *See* Dkt. No. 38-1 at 6-7 ("In reviewing BMGV's claim of selective prosecution, we presume the Department filed the accusation against Club Atmosphere in good faith. . . . We conclude . . . that BMGV's claim of selective prosecution failed at the outset in the absence of necessary evidence showing that the Department treated similarly situated licensed clubs differently on the basis of race.").

It is true that the opinion contained this comment in a footnote: "To the extent BMGV argues its claim is one of selective enforcement based on the conduct of certain members of the SFPD, such a claim would similarly fail at the threshold for lack of evidence that similarly situated licensees were treated differently on the basis of race." *Id*. at 8 n.6. But as defendants acknowledge, that sentence was immediately followed by this "confusing" and "unclear" statement: "Thus, we do not address and express no opinion on the purported conduct of certain members of the SFPD as described by the [Alcoholic Beverage Control Appeals] Board in its decision." Dkt. No. 45 at 3; Dkt. No. 38-1 at 8 n.6. On this record, the Court cannot conclude that the issue of whether the SFPD engaged in selective enforcement against BMGV on the basis of race was previously decided by another court. Defendants' issue preclusion argument is denied.

3. <u>Remaining dismissal arguments for plaintiff's first claim</u>:

    a. <u>Whether Robert Montoya and Karen King are proper plaintiffs</u>: Defendants argue that Robert Montoya and Karen King are not proper plaintiffs and should be dismissed from the case, because "[t]he alleged wrongful conduct and injury in this case relates only to the

corporate entity" (*i.e.*, BMGV), and Montoya and King may not "bring suit for any loss or damage to the company." Dkt. No. 14 at 6-7. The complaint, however, alleges a deprivation of Montoya's and King's constitutional rights to due process and equal protection under the Fourteenth Amendment. Dkt. No. 5 ¶ 57. It also alleges, among other things, "emotional pain and suffering" on the part of Montoya and King, which is separate from any harm suffered by BMGV. *Id.* ¶ 21. Pain and suffering damages can be recoverable under Section 1983. *See*, *e.g.*, *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1103 (9th Cir. 2014). Because Montoya and King have alleged the violation of rights belonging to them and they have alleged personal injuries for which recovery does not appear to be barred, the Court sees no basis for dismissing them from the case at this juncture. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002) (principal owners of corporation had standing to assert civil rights claim where they alleged violations of their own First and Fourteenth Amendment rights and sought damages for themselves, as individuals, including for emotional distress, "[i]n addition to asking for compensation for injury to" the corporation).

        b.      <u>Statute of limitations</u>: Defendants argue that plaintiffs' claim is barred by the applicable two-year statute of limitations "because plaintiffs had notice of the [Entertainment Commission] and [Alcoholic Beverage Control Board] proceedings [against plaintiffs' club] more than two years" before their complaint was filed in November 2017. Dkt. No. 14 at 7-9. Plaintiffs respond that "a number of independent constitutional violations by the defendants took place after November 9, 2015," and under *RK Ventures*, 307 F.3d 1045, "although some of the unconstitutional acts may have taken place outside the limitations period, particular events that took place within the limitation period are not time-barred." Dkt. No. 18 at 4-8. The parties consequently appear to agree that "acts falling outside of the [two-year] limitations period are time barred." *RK Ventures*, 307 F.3d at 1050.

The statute of limitations is not, however, a basis for dismissing plaintiff's claim outright, as defendants urge. Rather, the issue of whether plaintiffs "have alleged 'discrete acts' that would violate the Constitution that occurred within the limitations period" is one that will need to be decided on a fuller record at a later stage of this case. *Id.* at 1058.

3

c. <u>Whether plaintiffs have adequately stated a Fourteenth Amendment claim</u>: Defendants generally argue that plaintiffs' Fourteenth Amendment claim is pled in allegations that are too general and conclusory. Dkt. No. 14 at 11-13. The Court disagrees. Plaintiffs' complaint contains factual allegations that go to "dissimilar treatment by the City between their establishment and those catering to a white audience," as well as "a possibly racially discriminatory purpose." *RK Ventures*, 307 F.3d at 1062. And the complaint's allegations contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (to survive a Rule 12(b)(6) motion to dismiss, plaintiff is not required to meet a probability standard but need only allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and this analysis is necessarily "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense.").

d. <u>Whether plaintiffs have adequately stated a *Monell* claim against the City and County of San Francisco</u>: Where plaintiffs do come up short – and where the Court agrees with defendants – is on plaintiffs' claim against defendant the City and County of San Francisco. Under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978), a local government may be sued directly under Section 1983 only where the alleged unconstitutional conduct is the result of an official policy, practice or custom.

To start, plaintiffs' allegations have a heavy focus on defendant SFPD Captain David Lazar. *See* Dkt. No. 5 ¶ 31 (plaintiff Montoya previously maintained "excellent relationship[s]" with four successive SFPD captains, but "in May of 2014, Captain David Lazar took the helm at Central Station and everything changed for the worse"). To turn this into a claim against the City, plaintiffs allege in a conclusory fashion that "[f]rom the time Captain Lazar's assault on the club and the plaintiffs began, supervising SFPD authorities, including Commanders and two Chiefs of Police, have acquiesced in, endorsed, enabled, ratified, authorized and effectively approved of the conduct and goals of Captain Lazar." *Id*. ¶ 44. That is not enough. Moreover, as currently pled, plaintiffs' references to (1) an October 2016 Department of Justice report on "racism and racist conduct by the SFPD" and (2) "recent revelations involving a number of SFPD officers who sent

4

appallingly racist 'humorous' text messages to each other," are too far afield and sporadic. They do not sufficiently allege an official policy, practice or custom on the part of the City and County of San Francisco that can plausibly be viewed as the moving force behind the conduct plaintiffs are complaining of. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). The Court consequently grants defendants' motion to dismiss as to the City and County of San Francisco. Plaintiffs will have the chance to amend.

## CONCLUSION

Plaintiffs may file an amended complaint by August 13, 2019, if they so choose. If so, the amended complaint should remove the second and third claims, and plaintiffs may also try to address the deficiencies identified by the Court as to plaintiffs' claims against defendant the City and County of San Francisco. Plaintiffs may not add any new claims or defendants without express leave of Court. Plaintiffs should focus on acts by defendants that occurred during the limitations period.

The Court expects this case will be tried to a jury in February 2020, so the parties should plan accordingly and the Court will file a scheduling order shortly. The case has been referred for settlement purposes to Chief Magistrate Judge Joseph C. Spero. The parties are encouraged to reach out to his chambers to request a further settlement conference.

**IT IS SO ORDERED.**

Dated: July 23, 2019

JAMES DONATO
United States District Judge