UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT MONTOYA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 17-cv-06534-JD<br><br>**ORDER RE MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 54 |

This order resolves defendants' motion to dismiss plaintiffs' second amended complaint under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for a more definite statement under Federal Rule of Civil Procedure 12(e). Dkt. No. 54.

**DISCUSSION**

The parties' familiarity with the facts and record are assumed. The Court orders as follows:

1. <u>Scope of Plaintiffs' First Cause of Action</u>

The Court dismissed plaintiffs' second and third causes of action, and noted that "[t]his leaves only plaintiffs' first claim, for a violation of 42 U.S.C. § 1983 and § 1988, on the basis that defendants 'deprived plaintiffs of the[ir] constitutional rights' under the Fourteenth Amendment to the United States Constitution 'in that the defendants . . . jointly and severally deprived plaintiffs of their property without due process of law and failed to provide equal protection of the law.'" Dkt. No. 49 at 1.

Plaintiffs' second amended complaint ("SAC") omits the dismissed claims but plaintiffs' allegations for their remaining first claim are now inexplicably vague, asserting only that defendants "have deprived plaintiffs of their constitutional rights." Dkt. No. 53 ¶ 56. Defendants

understandably complain that plaintiffs' SAC now "does not identify *any* part of the Constitution." Dkt. No. 54 at 5.

On the basis of the Court's prior order as well as plaintiffs' representation that the SAC "adopts" the assertions made in the first amended complaint ("FAC"), Dkt. No. 56 at 2, the Court construes plaintiffs' first cause of action in the SAC as alleging the same legal violation described in plaintiffs' first cause of action in the FAC, *i.e.*, a violation of 42 U.S.C. § 1983 and § 1988 based on plaintiffs' constitutional rights under the Fourteenth Amendment. To the extent plaintiffs are now trying to invoke their First Amendment rights as an additional basis for the claim, Dkt. No. 56 at 2, that is a change that is neither evident from the SAC nor permitted by the Court. *See* Dkt. No. 49 at 5 ("Plaintiffs may not add any new claims or defendants without express leave of Court."). Consequently, plaintiffs' first claim in the SAC is limited to the confines of that claim as alleged in the FAC.

2. *Monell* Claim Against City and County of San Francisco

The Court dismissed plaintiffs' claims against the City and County of San Francisco because plaintiffs' allegations did not sufficiently allege an official policy, practice or custom under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Dkt. No. 49 at 4-5.

Plaintiffs' allegations are virtually unchanged, and they remain conclusory and deficient. *See*, *e.g.*, Dkt. No. 53 ¶ 13 ("The club's license was and is at risk because of Lazar's racist crusade and the *de facto* sanctioning and endorsement of those efforts by two SFPD Chiefs of Police, by other leadership of the SFPD, and by the mayor of San Francisco."). Plaintiffs' claims against the City and County of San Francisco are consequently dismissed with prejudice.

3. Statute of Limitations

The prior order observed that the parties appeared to "agree that 'acts falling outside of the [two-year] limitations period are time barred,'" and plaintiffs were therefore directed to focus, in any amendment of the complaint, on acts by defendants that occurred during the limitations period, *i.e.*, after November 9, 2015. Dkt. No. 49 at 3-5 (quoting *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1050 (9th Cir. 2002)).

Plaintiffs have not followed the Court's directive in their allegations in the SAC. They do assert, however, in their brief opposing defendants' motion to dismiss, that numerous acts by the defendants took place "through several months of 2019," "continued long after the initial filing date (November 9, 2017)," and "continued during the period." Dkt. No. 56 at 3-4.

On this record, the Court dismisses the SAC, but plaintiffs will have an additional opportunity to amend by April 3, 2020. If this deadline is not feasible in light of the public health situation, the parties may agree on a new date by joint stipulation filed with the Court. If the parties cannot agree, plaintiffs may ask the Court to extend the deadline.

Any further amended complaint must clearly identify and expressly allege the acts by defendants that occurred during the limitations period, *i.e.*, after November 9, 2015. The City and County of San Francisco must be removed as a defendant. The legal basis for the first claim for relief should be made consistent with the allegations in the FAC. To the extent plaintiffs wish to expand those bases, they must file a properly noticed motion seeking the Court's leave. Otherwise, the default rule remains that new claims or defendants may not be added without express leave of Court. Plaintiffs are advised that this is likely to be their final opportunity to amend.

**IT IS SO ORDERED.**

Dated: March 19, 2020

JAMES DONATO
United States District Judge