1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                 NORTHERN DISTRICT OF CALIFORNIA

6

7        BENNETT MONTOYA,                          Case No. 17-cv-06534-JD

8                          Plaintiff,

9                 v.                                **ORDER RE MOTION TO DISMISS
                                                    THIRD AMENDED COMPLAINT AND
                                                    MOTION FOR RECONSIDERATION**
10       CITY OF SAN FRANCISCO,
                                                    Re: Dkt. Nos. 62, 65
11                         Defendant.

12            This order resolves defendants' motion to dismiss plaintiffs' third amended complaint

13    under Federal Rule of Civil Procedure 12(b)(6), Dkt. No. 62, and plaintiffs' motion to reconsider,

14    Dkt. No. 65.  The motion to dismiss is granted, and the reconsideration request is denied.

15                                            **DISCUSSION**

16    **I.     DEFENDANTS' MOTION TO DISMISS**

17            This is the Court's third motion to dismiss order in this case.  In the first order, the

18    amended complaint's second and third claims were dismissed, but dismissal was denied for

19    plaintiffs' first claim, which asserted a violation of 42 U.S.C. § 1983 and § 1988 on the basis that

20    defendants had "deprived plaintiffs of the[ir] constitutional rights" under the Fourteenth

21    Amendment to the United States Constitution.  Dkt. No. 49 at 1 (quoting Dkt. No. 5 ¶ 57).  The

22    Court found that the plaintiffs' "factual allegations that go to 'dissimilar treatment by the City

23    between their establishment and those catering to a white audience,' as well as 'a possibly racially

24    discriminatory purpose,'" stated a claim to relief that was plausible on its face.  *Id*. at 4 (citing *RK*

25    *Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1062 (9th Cir. 2002); *Bell Atl. Corp. v. Twombly*,

26    550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  The Court also noted

27    for that claim, however, that as the parties agreed, "acts falling outside of the [two-year]

28    limitations period [ending on November 9, 2015] are time barred."  *Id*. at 3 (citing *RK Ventures*,

United States District Court
Northern District of California

United States District Court
Northern District of California

1    307 F.3d at 1050).  Plaintiffs were directed to focus on amendment on "acts by defendants that

2    occurred during the limitations period."  *Id*. at 5.  Plaintiffs were also permitted to replead the

3    claims against the City and County of San Francisco, which the Court dismissed because they had

4    not plausibly alleged a cause of action under *Monell v. Dep't. of Soc. Servs. of City of N.Y.*, 436

5    U.S. 658 (1978).  *Id*. at 4-5.

6    Plaintiffs filed a second amended complaint, which defendants again moved to dismiss.

7    Dkt. Nos. 53, 54.  The second amended complaint did not meaningfully address the deficiencies in

8    plaintiffs' allegations.  It was "inexplicably vague, asserting only that defendants 'have deprived

9    plaintiffs of their constitutional rights,'" without any further specificity.  Dkt. No. 60 at 1 (quoting

10   Dkt. No. 53 ¶ 56).  The allegations against the City and County of San Francisco were left

11   unchanged and unimproved, and so the *Monell* claim against the City and County of San

12   Francisco was dismissed with prejudice.  *Id*. at 2.  On the statute of limitations issue, plaintiffs had

13   "not followed the Court's directive" in the prior order to focus on acts by defendants that occurred

14   after November 9, 2015.  *Id*. at 2-3.  Consequently, the second amended complaint was dismissed

15   with leave to amend.  Plaintiffs were expressly advised that "[a]ny further amended complaint

16   must clearly identify and expressly allege the acts by defendants that occurred during the

17   limitations period, *i.e.*, after November 9, 2015," and that the City and County of San Francisco

18   should be dropped as a defendant.  *Id*. at 3.  Plaintiffs were also to make the legal basis for their

19   first claim for relief "consistent with the allegations in the FAC."  *Id*.  The Court cautioned

20   plaintiffs that this was "likely to be their final opportunity to amend."  *Id*.

21   Now before the Court is plaintiffs' third amended complaint, and defendants' motion to

22   dismiss it.  Dkt. Nos. 61, 62.  From formatting to content, it presents as a hastily drafted pleading

23   that makes no serious effort at formulating well-pleaded claims consistent with the Court's prior

24   orders.  To be sure, it identified "some" actions by defendants that "took place on or after

25   November 9, 2015," as the Court had requested.  Dkt. No. 61 at ECF pp. 3-5.  But that was about

26   all it did.  It was in all other respects not a freestanding pleading that provided "a short and plain

27   statement of the claim" in satisfaction of Rule 8.  Among other shortfalls, it did not (1) identify the

28   plaintiffs or defendants in the body of the complaint; (2) specify the factual grounds of the claims

1    against defendants; or (3) state the relief plaintiffs seek.  It also failed to provide a jurisdictional

2    statement in a separate paragraph entitled "Jurisdiction," as is required by Civil Local Rule 3-5(a),

3    or conform to our District's rules on formatting, Civil Local Rule 3-4(c).

4         Plaintiffs say that the third amended complaint should be read as a supplemental pleading

5    that "incorporates by reference the Complaint, the First Amended Complaint (FAC) and the

6    Second Amended Complaint (SAC)."  Dkt. No. 63 at ECF p. 2; *see also* Dkt. No. 61 at ECF p. 2

7    ("Plaintiffs incorporate herein the Complaint, the First Amended Complaint (FAC) and the Second

8    Amended Complaint (SAC) herein [*sic*].").  But this will not do under longstanding pleading rules

9    and practice.  Complaints are not patchwork quilts stitched together from portions of multiple

10   documents.  Civil Local Rule 10-1 makes this abundantly clear: "Any party filing or moving to

11   file an amended pleading must reproduce the entire proposed pleading and may not incorporate

12   any part of a prior pleading by reference."  In addition, "[i]t is well-established in our circuit that

13   an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'

14   In other words, 'the original pleading no longer performs any function.'"  *Ramirez v. Cty. of San*

15   *Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted).  To be clear, these rules are

16   not an empty gesture at procedural niceties.  A defendant is entitled to a simple and plain notice of

17   the claims that it has been called into court to answer.  A farrago of allegations hashed together

18   from multiple documents defeats that basic expectation of due process and fair play.  It also invites

19   confusion and inefficiency.

20        Consequently, the third amended complaint "fails to provide defendant[s] with the notice

21   [they are] entitled to receive under Rule 8 of the Federal Rules of Civil Procedure," and must be

22   dismissed.  *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114,

23   at *2 (N.D. Cal. Aug. 27, 2015).  At this stage, after plaintiffs have enjoyed multiple opportunities

24   to amend, a good argument can be made that the dismissal should be with prejudice, and the case

25   closed.  *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  Plaintiffs were

26   advised that the third amended complaint, which is their fourth complaint in total, would likely be

27   their last.  *See* Dkt. No. 60 at 3.  Even so, the Court will provide plaintiffs with one final

28   opportunity to state plausible claims against specific defendants in one freestanding pleading.  No

United States District Court
Northern District of California

United States District Court
Northern District of California

1   new claims or defendants may be added without the Court's prior authorization, and the amended

2   complaint must conform in all respects to all of the Court's dismissal orders, including this one,

3   and our Civil Local Rules.  No further leave to amend will be granted.

4   **II.      PLAINTIFFS' MOTION TO RECONSIDER**

5          Plaintiffs filed an ostensible "motion to reconsider," which contains redlines and appears to

6   be a less than final draft, along with a separate docket entry styled as an "email" to "ask that the

7   Court overlook any delay in filing or any other technical issue regarding the Motion to

8   Reconsider."  Dkt. Nos. 65, 66.  The Court construes these filings as a request for reconsideration

9   under Civil Local Rule 7-9, and it is denied.  Rule 7-9(a) states that "[n]o party may notice a

10  motion for reconsideration without first obtaining leave of Court to file the motion."  Plaintiffs

11  skipped this required step.  The request also fails on the merits.  Plaintiffs did not identify any new

12  facts or law that might warrant a second look, or a manifest failure by the Court to consider

13  material facts or dispositive legal arguments that had been presented.  Plaintiffs simply repeat

14  prior references to documents such as the "United States Department of Justice (DOJ) Report that

15  catalogues in detail racist conduct by the San Francisco Police Department (SFPD) over many

16  years," Dkt. No. 65 at ECF pp. 2-3, which the Court previously determined to be "too far afield

17  and sporadic" to plausibly allege "an official policy, practice or custom on the part of the City and

18  County of San Francisco," Dkt. No. 49 (citing *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)).

19  Reconsideration is not warranted.

20                                        **CONCLUSION**

21         The third amended complaint, Dkt. No. 61, is dismissed.  The motion to reconsider, Dkt.

22  No. 65, is denied.  An amended complaint that is consistent with this order may be filed by

23  February 1, 2021.  Failure to meet this deadline will result in dismissal with prejudice under Rule

24  41(b).

25         **IT IS SO ORDERED.**

26  Dated:  January 20, 2021

27  _____

28  JAMES DONATO
    United States District Judge

4