UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT MONTOYA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DAVID LAZAR, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-06534-JD<br><br>**ORDER RE PLAINTIFFS' REPRESENTATION AND REFERRING ROBERT BLOOM TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |

Once again, the Court must divert its resources to the issue of the plaintiffs' lawyer rather than to the merits of the civil rights claims that the Court sustained against defendants' motion to dismiss. *See* Dkt. No. 49. As the Court detailed in a prior order, plaintiffs' former counsel, attorney Robert Bloom, is not qualified to practice in this District. Dkt. Nos. 85, 89. He has had an unlimited opportunity to bring himself into good standing. He has not done that. Instead, he has harangued the Court with improper emails and other communications, and unprofessional docket filings, none of which have done anything substantive to change his status as unqualified to practice. This is on top of Bloom's consistent and seemingly willful failure to follow the federal procedural rules, our District's local rules, and the Court's orders, which the Court also detailed in the prior order. Dkt. No. 85. As a result of Bloom's conduct, this case has languished since it was filed in 2017, which raises a serious concern of potential prejudice to plaintiffs' claims.

　　　　The record of Bloom's unprofessional conduct is striking and undeniable. After evidence emerged that Bloom is not a member in good standing of the bar of this District, he was ordered to "file proof of compliance with the District's admission requirements by October 22, 2021." Dkt. No. 85 at 3. He was advised that "an unexcused failure to meet this deadline or to respond

substantively with appropriate evidence, may result in his immediate suspension from any further role as counsel in this case." *Id*.

The October 22, 2021 deadline passed without any response by Bloom. On November 4, 2021, the Court vacated a status conference set for that day because "Attorney Bloom did not file proof of compliance with the District's attorney admission requirements as he was directed to do by October 22, 2021." Dkt. No. 89. Based on this record, the Court concluded that "attorney Bloom is not authorized to practice in this District," and "suspended [him] from any further role as counsel in this case." *Id*. Plaintiffs were directed to advise the Court of retention of new counsel, or an election to proceed pro se. The case was stayed in all respects pending further order. *Id*.

After ignoring the Court's prior deadline, Bloom filed a declaration on November 7, 2021, as well as subsequently "sen[ding] an email directly to chambers, in violation of the Court's standing order" and prior orders in this case. Dkt. Nos. 86, 90, 91. The declaration represented that Bloom was "admitted to practice in the NY court in 1965, 56 years ago," and Bloom stated, "I have been in good standing [in NY] for the entire 56 years, and I still am." Dkt. No. 90 at ECF p. 1. Bloom stated that he was also "properly admitted to practice in this district in 1991," and he further declared: "I have been in good standing in this court for thirty years." *Id*.

Plaintiff Montoya has also made two filings on the ECF docket. In a letter filed December 15, 2021, Montoya asked the Court "to reinstate Robert Bloom," and "[i]f this is something that cannot happen," that the Court grant Montoya "more time to search for a new lawyer" as his "financial situation makes this very hard for me to do along with the current time of the year." Dkt. No. 93 at ECF p. 2. In a declaration filed on January 10, 2022, Montoya stated that he "believe[d] that th[e] ruling" that Bloom could not act as his counsel "was and is not supported by the facts and the law," and Montoya repeated almost verbatim the same arguments Bloom had previously put forward in his November 7th declaration. Dkt. No. 94; *compare with* Dkt. No. 90. Montoya's January 10th declaration also attached a "Certificate of Good Standing" that had been issued to Bloom by this Court on January 7, 2022. Dkt. No. 94 at ECF p. 6. The January 10th declaration from Montoya again "request[ed] to have [Bloom] reinstated," but in the alternative, stated that Montoya chose to "represent[] [him]self and the other plaintiffs." *Id*. at ECF pp. 2, 4.

2

These filings raise a number of concerns. To start, none of them change in any way the dispositive fact that Bloom is not an active member of the New York State Bar. Bloom has had every opportunity to show the Court otherwise, and has failed to do so. A search for "Robert Jay Bloom" on the New York State Unified Court System's "Attorney Online Services - Search" shows that Bloom's registration status is "Attorney - Delinquent." *See* https://iapps.courts.state.ny.us/attorneyservices/search?0. An attorney who has failed to pay bar dues is not an attorney with active bar membership, not to mention an attorney who is not in good standing. *See*, *e.g.*, Civil L.R. 11-1(g) (attorney's state bar suspension for "failure to pay bar dues" will be noted on attorney's N.D. Cal. admission record). The Court notes that other, active New York attorneys such as Robert Avrum Bloom are listed as "Currently registered," in contrast to Robert Jay Bloom's "Attorney - Delinquent" status.

Because Bloom does not have "continuing active membership in the bar of" New York, he is also ineligible for "continuing membership in the bar of this Court." Civil L.R. 11-1(b). That he obtained a "Certificate of Good Standing" on January 7th is of no moment, and if anything, is troublesome. Bloom took advantage of the fact that the Court's current procedures for requesting such a certificate do not require any representation on the attorney's part that he is in fact eligible for continuing membership in the bar of this Court. Given the proceedings in this case, Bloom should have known that under Civil Local Rule 11-1(b), he is not eligible for continuing membership in the bar of this Court, and he should not have implicitly represented the contrary to the Clerk of the Court by requesting a certificate of good standing.

Bloom's declaration, under penalty of perjury, that he has "been in good standing in this court for thirty years," Dkt. No. 90 at ECF p. 1, adds fuel to the fire even at this late stage of the problem. The statement is false. Bloom previously has been referred to the District's Standing Committee on Professional Conduct. *See* Case No. 3:99-mc-00118-CRB, Dkt. No. 1. In the referral order, the district judge catalogued a host of serious instances of misconduct, including behavior of the sort the Court has observed and flagged in this case, such as repeatedly refusing to obey and adhere to Court orders, and repeatedly violating federal and local rules, including "failing to adhere to proper format." *Id*. at 21. The Standing Committee then took the matter into

its own hands. This is not at all the record of an attorney who has "been in good standing in this court for thirty years," and for Bloom to represent otherwise to this Court is a manifest misrepresentation. In light of the other misconduct in this case, a referral to the Standing Committee must be made at this time. The Clerk is requested to refer this matter to the Standing Committee on Professional Conduct pursuant to Civil Local Rule 11-6(e), so that the Committee may further investigate Bloom's unprofessional conduct in the practice of law before this Court, as outlined in the Court's many orders in this case.

This brings the representation issue to a close with respect to Bloom. He is ordered to be removed from the ECF docket as counsel for plaintiffs. He may not appear in any way as an attorney in this case, and may not file any docket entries. He also may not ghostwrite any filings on Montoya's behalf, as the record indicates he likely has. As the Court has gone to great lengths to emphasize, this is not a matter of a mere technical default or an occasional misstep by Bloom. He has a long record of repeated and willful misconduct that is entirely of his own making. Montoya is perfectly free to have any qualified lawyer he chooses represent him. The one thing the Court cannot do is allow an attorney who is not in good standing under our rules of admission to practice in the District. This is not a matter of discretion or "leniency."

Montoya's request to represent himself pro se is granted, and his email address, bennettmontoya@gmail.com, will be added to the docket. The Clerk is directed to serve a copy of this order on Montoya at that email address.

Because Montoya is not a lawyer, he cannot represent the other plaintiffs in this case, Karen King and BMGV-LLC. BMGV-LLC cannot proceed pro se because it is a corporate entity. King must inform the Court by April 5, 2022, if she chooses to proceed with the case pro se or through a new lawyer. BMGV-LLC must appear through new counsel by that same date. The Court may dismiss King and BMGV-LLC without prejudice if they do not take the directed actions by that deadline.

Montoya may wish to seek free legal consultation by calling the Federal Pro Se Program at 415-782-8982 or emailing FedPro@sfbar.org. Program attorneys can provide basic legal help, but not legal representation.

Defendants' request to vacate the scheduling order, Dkt. No. 96, is denied as moot. The Court has stayed all dates pending further order. Dkt. No. 89.

**IT IS SO ORDERED.**

Dated: February 4, 2022

_____
JAMES DONATO
United States District Judge